UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
TROY MOORE

     Plaintiff,

    vs.                  **COMPLAINT**

THE CITY OF NEW YORK, a municipal entity,
POLICE OFFICER SASHA CORDOBA, POLICE
OFFICER KEVIN DESORMEAU, POLICE OFFICERS
JOHN DOE and RICHARD ROE (names and number of
whom are unknown at present), and other unidentified
members of the New York City Police Department,
New York City Police Supervisors
and Commanders RICHARD ROEs 1-50,

                     **JURY TRIAL**
                     **DEMANDED**

     Defendants
-------------------------------------------------------------X

## PRELIMINARY STATEMENT

  1.  This is a civil rights action in which the Plaintiff, TROY MOORE, seeks relief for the violation of his rights secured by the Civil Rights Act of 1871, 42 U.S.C. Section 1983, by the United States Constitution, including its Fourth, and Fourteenth Amendments, and by the laws and Constitution of the State of New York. The Defendants, some, former members of the New York City Police Department (hereinafter "NYPD"), falsely accused and arrested and maliciously prosecuted Plaintiff on felony narcotics charges and other related charges, resulting in his incarceration and other significant collateral consequences.

  2.  Defendant City of New York (hereinafter "Defendant CITY") is liable for the individual Defendants' acts under the theory of *respondeat superior*. At the time of the incidents, they were acting under color of state law in the course and scope of their employment at Defendant CITY and/or the NYPD, an agency of Defendant CITY.

1

3. As a result of the aforementioned constitutional violations, Plaintiff was wrongfully incarcerated and suffered emotional, mental and psychological pain and suffering.

**JURISDICTION**

4. This action is brought pursuant to 42 U.S.C. §§1983 and 1988, and the Fourth, and Fourteenth Amendments to the United States Constitution. Jurisdiction is conferred upon this Court by 28 U.S.C. §§ 1331, 1343 (3) and (4) and the aforementioned statutory and constitutional provisions.

**VENUE**

5. Venue is proper for the United States District Court for the Eastern District of New York pursuant to 28 U.S.C. § 1391, (a), (b) and (c) and § 1402 (b) because the claims arose in this district.

**PARTIES**

6. Plaintiff is and was at all times relevant herein a resident of the State of New York.

7. New York City Police Officer Sasha Cordoba is and was at all relevant times herein an officer, employee and agent of the NYPD. On the dates identified herein, she was assigned to the Queens Gang Unit. Following her convictions for perjury, making false statements and official misconduct in 2018 in which she fabricated facts related to a 2014 arrest, Defendant Cordoba was terminated from the NYPD. She is being sued in her individual capacity.

8. New York City Police Officer Kevin Desormeau is and was at all relevant times herein an officer, employee and agent of the NYPD. On the dates identified herein, he was assigned to the Queens Gang Unit. Following his convictions for making false statements and official misconduct in 2018 in which he fabricated facts related to multiple arrests, Defendant

Desormeau was terminated from the NYPD. He is being sued in his individual capacity.

9. New York City Police Officers JOHN DOE and RICHARD ROE (names and number of whom are unknown at present), and other unidentified members of the NYPD, are and were at all times relevant herein officers, employees and agents of the NYPD. Officers JOHN DOE and RICHARD ROE are being sued herein in their individual capacities for their participation in the malicious prosecution against Plaintiff.

10. Each and all of the acts of the Defendants alleged herein were undertaken by said Defendants while acting in the course and scope of their duties and functions as agents, employees, and officers of Defendant CITY and/or the NYPD when engaging in the conduct described herein.

11. At all times relevant herein, Defendants acted for and on behalf of Defendant CITY and/or the NYPD in furtherance of their employment by Defendant CITY, with the power and authority vested in them as officers, agents and employees of Defendant CITY and/or the NYPD and/or incidentally to the lawful pursuit of their duties as officers, employees and agents of Defendant CITY and/or the NYPD.

12. Defendant CITY is a municipal entity created and authorized under the laws of the State of New York. It is authorized by law to maintain a police department which acts as its agent in the area of law enforcement and for which it is ultimately responsible. Defendant CITY assumes the risks incidental to the maintenance of a police force and the employment of police officers as said risks attach to the public consumers of the services provided by the NYPD.

## STATEMENT OF FACTS

13. On August 28, 2014, Plaintiff, a Black man, husband and father who was then 47 years old, was driving his vehicle, a white Chevrolet Buick, in the vicinity of Waltham Street and Shore Avenue in Jamaica, Queens.

14. Plaintiff parked and exited his car to go to his cousin's house which was located at the corner of Waltham Street and Shore Avenue.

15. While walking to his cousin's house, a friend of Plaintiff was driving and noticed Plaintiff.

16. Plaintiff's friend drove over to Plaintiff and stopped his car.

17. Plaintiff and his friend began to have a conversation.

18. None of what they discussed involved criminal activity.

19. Immediately, the Defendants Cordoba, Desormeau and other unidentified members of the NYPD (hereinafter, "the Individual Defendants") drew their guns and ordered Plaintiff to put his hands on Plaintiff's friend's vehicle.

17. Plaintiff complied and had not been engaging in any criminal activity.

18. The Individual Defendants searched Plaintiff and did not find any narcotics or contraband on his person.

19. Plaintiff was handcuffed and placed under arrest without probable cause.

20. Plaintiff was falsely accused by the Individual Defendants of possessing 6 ziplock bags of cocaine.

21. Having no probable cause to arrest and prosecute Plaintiff, Defendants New York City Police Supervisors and Commanders Richard Roes 1-50, who were the supervising officers, reviewed, approved, and ratified the arrest of Plaintiff.

22. Despite any evidence that Plaintiff committed a narcotics offense, Plaintiff was charged by the Queens District Attorney's Office with Criminal Possession of a Controlled Substance, a class C felony, and other related charges.

23. In a sworn felony complaint, Defendant Cordoba, falsely accused Plaintiff of possessing 6 ziplock bags of cocaine and recovering an additional quantity of cocaine from his person.

24. Plaintiff was arraigned, entered a plea of not guilty, and was released on his own recognizance.

25. The Queens District Attorney's Office initially offered Plaintiff a plea with a sentence of two years' incarceration and two years' post-release supervision. Plaintiff rejected the plea offer.

26. During the pendency of the case, the Individual Defendants falsely arrested Plaintiff a second time.

27. In or about October 2014, Plaintiff was inside his white Chevrolet Buick, parked at the vicinity of Waltham Avenue and 107th Street in Jamaica, Queens, and eating.

28. Two women were inside Plaintiff's vehicle, and also eating.

29. The Individual Police Defendants, inside their marked police car, saw Plaintiff's vehicle and drove over.

30. Upon arrival, the Individual Police Defendants ordered Plaintiff to get out of his car.

31. Plaintiff complied.

32. Defendant Desormeau ordered that the hood of the car be popped.

33. One of the women inside the car popped the hood.

33. After the hood had been popped, Defendant Desormeau stated, "we found it."

34. Plaintiff demanded that the Individual Defendants show him what was recovered.

35. The Individual Defendants refused.

36. Defendant Desormeau stated to Plaintiff, "we found 6 cracks again" and "6 must be your lucky number."

37. Plaintiff again demanded that Defendant Desormeau show him what he claimed he found.

38. Defendant Desormeau refused.

39. Plaintiff demanded that Defendant Desormeau contact his boss for Plaintiff to speak with.

40. Defendant Desormeau refused and stated to Plaintiff, "I'm the boss."

41. Despite any evidence that Plaintiff or either of the women committed a narcotics offense, Plaintiff and the women were charged with drug offenses.

42. Despite having no probable cause to arrest and prosecute Plaintiff and the women, Defendants New York City Police Supervisors and Commanders Richard Roes 1-50, who were the supervising officers, reviewed, approved, and ratified the arrest of Plaintiff and the women.

43. Plaintiff was arraigned, entered a plea of not guilty, and was released on his own recognizance.

44. All charges related to this incident were subsequently dismissed by the Queens District Attorney's Office.

45. As for the initial incident, the Queens District Attorney's Office made Plaintiff a revised offer of 90 days' jail and 5 years' probation.

46. Despite his actual innocence, because of personal circumstances, namely his wife's

pregnancy, Plaintiff chose to plead guilty and resolve the case with 90 days' jail and 5 years' probation.

47. Plaintiff lost his job and served his 90-day sentence at Rikers Island.

48. While at Rikers Island, he was incarcerated under harsh conditions and exposed to violence.

49. In 2015, following his release, Plaintiff was placed on 5 years' probation.

50. In 2015, following his release, Plaintiff and his wife and five children were evicted from their home because of their inability to pay rent due to Plaintiff's incarceration and difficulty finding employment.

51. Unable to afford housing, in 2016, Plaintiff's family relocated to North Carolina.

52. Plaintiff remained in New York because of restrictions related to his probation.

53. From 2016 to 2020, Plaintiff was forced to live apart from his family.

54. Plaintiff completed 5 years' of probation.

55. Plaintiff was gainfully employed and fully compliant with the terms of his probation.

56. After he successfully completed probation, Plaintiff moved to North Carolina to be with his family.

57. On June 27, 2018, Defendant Cordoba was convicted of making false statements in court documents and in court proceedings related to a 2014 arrest of an individual in Washington Heights and for conducting and illegal search of such individual.

58. On June 27, 2018, Defendant Cordoba pleaded guilty in New York Supreme Court to one count of Perjury in the First Degree and one count of Official Misconduct. She was sentenced to 60 days' jail.

59. On April 19, 2018, Defendant Desormeau pleaded guilty to in New York Supreme Court to one count of Offering a False Statement Instrument for Filing in the First Degree and Official Misconduct relating the same 2014 arrest of the individual in Washington Heights. He was sentenced to three years' probation and 10 days of community service.

60. Defendant Desormeau also was convicted in 2018 of lying about an alleged cocaine sale in Jamaica, Queens.

61. The Queens District Attorney's Office reviewed Plaintiff's case and determined that the Individual Defendants committed crimes and fabricated evidence against Plaintiff.

62. On November 8, 2021, the Queens District Attorney's Office petitioned a judge to expunge Plaintiff's conviction, along with 59 other convictions that were linked to the Individual Defendants; NYPD officers who were found to have committed crimes and fabricated evidence in cases.

### Plaintiff's Injuries and Damages

63. As a direct and proximate consequence of the aforementioned actions by the Defendants, Plaintiff:

(1) Suffered psychological injuries;

(2) Suffered emotional and mental anguish and pain;

(3) Was denied his state and federal constitutional rights and liberties;

(4) Was publicly shamed, disgraced, ridiculed and humiliated and suffered damage to reputation;

(5) Incurred substantial legal fees;

(6) Continues to suffer from psychological injuries, emotional and mental anguish and

pain; and

(7) Incurred other items of attendant damages.

## FIRST CAUSE OF ACTION

### Violation of Plaintiff's Fourth and Fourteenth Amendment Rights

64. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs marked 1 through 63 with the same force and effect as if more fully set forth at length herein.

65. The Individual Police Defendants who were acting within the scope of their employment, arrested and caused Plaintiff to be imprisoned on felony narcotics charges without probable cause in violation of Plaintiff's right to be free from an unreasonable seizure under the Fourth Amendment to the Constitution of the United States and to be free of a deprivation of liberty under the Fourteenth Amendment to the Constitution of the United States.

## SECOND CAUSE OF ACTION

### Malicious Prosecution/Fourth Amendment Rights

66. Plaintiff repeats, reiterate, and realleges each and every allegation contained in paragraphs marked 1 through 65, with the same force and effect as if more fully set forth at length herein.

67. The acts and conduct of the Individual Police Defendants constitute malicious prosecution under the Fourth Amendment to the Constitution of the United States. The Individual

Police Defendants commenced and continued a criminal proceeding against Plaintiff. There was actual malice and an absence of probable cause for the proceeding. In addition, the proceeding terminated favorably to Plaintiff when all felony narcotics charges against Plaintiff were vacated and dismissed by the Queens District Attorney's Office on or about November 8, 2021.

## JURY DEMAND

68. Plaintiff hereby demands trial by jury of all issues properly triable thereby.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for relief as follows:

b. For compensatory damages in an amount to be determined;

c. For punitive damages in an amount to be determined;

d. For reasonable attorneys' fees, together with costs and disbursements, pursuant to § 1988 and this Court's discretion;

e. For pre-judgment interest as allowed by law; and

f. For such other and further relief as this Court may deem just and proper.

DATED: February 7, 2022
New York, New York

Yours, etc.

*Anthony Cecutti*
By: ANTHONY CECUTTI
(AC 5830)
217 Broadway, Suite 707
New York, New York 10007
(212) 619-3730 (office)
(917) 741-1837 (cell)

TO:     CITY OF NEW YORK
            c/o Corporation Counsel
            100 Church Street
            New York, New York 10007

# ATTORNEY VERIFICATION

State of New York )
             ) ss.:
County of New York )

ANTHONY CECUTTI, ESQ., an attorney duly admitted to practice before the courts of this district, affirms the following under penalty of perjury:

I am an attorney who represents the Plaintiff in this action. I have read the foregoing and know the contents thereof; the same is true to my own knowledge, except as to matters therein stated to be alleged on information and belief, and that as to those matters deponent believes them to be true. The reason this verification is made by me and not by the plaintiff is that he resides outside of New York County, the location of my offices.

*Anthony Cecutti*
ANTHONY CECUTTI