UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
TROY MOORE,

        Plaintiff,

                                        **ORDER**
                                        22-CV-694-ENV-SJB

    - against -

THE CITY OF NEW YORK, POLICE OFFICER
SASHA CORDOBA, POLICE OFFICER KEVIN
DESORMEAU, POLICE OFFICERS JOHN DOE
AND RICHARD ROE, NEW YORK CITY POLICE
SUPERVISORS AND COMMANDERS RICHARD
ROES 1-50,

        Defendants.
-----------------------------------------------------------x

**BULSARA, United States Magistrate Judge:**

        Plaintiff Troy Moore ("Moore") seeks leave to amend his complaint to add a *Monell* claim against the City of New York (the "City"). For the reasons stated below, the motion to amend is granted.

FACTUAL BACKGROUND AND PROCEDURAL HISTORY

        Moore commenced this action on February 7, 2022 against New York City Police Officers Sasha Cordoba and Kevin Desormeau (together, the "Individual Defendants") and the City of New York, alleging civil rights violations under 42 U.S.C. § 1983. (Compl., Dkt. No. 1). Moore alleges the Individual Defendants fabricated evidence and falsely accused him of possessing six bags of cocaine on two separate occasions in 2014. (*Id.* ¶¶ 13, 20–23, 27, 36–41).

        On August 28, 2014, Moore was allegedly engaged in a conversation with his friend when Officers Cordoba and Desormeau approached him, drew their guns, and searched him. (*Id.* ¶¶ 13, 17–19). Although the officers did not find any narcotics or

contraband on his person, Moore was arrested and charged with Criminal Possession of a Controlled Substance. (*Id.* ¶¶ 18, 22). Moore alleges that, despite his actual innocence, he pleaded guilty and was sentenced to 90 days incarceration and five years probation. (*Id.* ¶ 46).

The Individual Defendants falsely arrested Moore again in October 2014. (*Id.* ¶¶ 26–27). They approached Moore's parked car and "ordered that the hood of the car be popped," falsely claiming to have "found 6 cracks again." (Compl. ¶¶ 27, 32, 36). All charges were dismissed. (*Id.* ¶ 44).

The Individual Defendants were both convicted of, among other things, official misconduct and making false statements in 2018 and were thereafter terminated by the New York Police Department ("NYPD"). (*Id.* ¶¶ 7–8, 57–60). On November 8, 2021, the Queens District Attorney's Office petitioned a judge to vacate Moore's conviction, along with 59 other convictions linked to Cordoba and Desormeau. (*Id.* ¶ 62).

The original Complaint set forth two claims against the Individual Defendants, namely for (1) false arrest and imprisonment, arising out of Moore's two arrests in 2014, and his incarceration on felony narcotics charges resulting from his first arrest; and (2) malicious prosecution, arising out of the case brought by the Queens County District Attorney's Office that resulted in a conviction which was vacated in 2021. (*Id.* ¶¶ 64–67). In addition, the Complaint alleged the City of New York is liable for the Individual Defendants' acts under the theory of *respondeat superior*. (*Id.* ¶ 2).

The Court held a telephonic initial conference on May 27, 2022, at which it adopted the parties' proposed discovery schedule. (Min. Entry & Order dated May 27, 2022). The deadline "for amendment of the pleadings to add claims or join additional parties" was August 27, 2022. (*See id.*; Report of Rule 26(f) Planning Meeting dated

2

May 26, 2022 ("Rule 26(f) Report"), Dkt. No. 15 at 2).  Defendant City of New York filed a motion for pre-motion conference regarding an anticipated motion to dismiss, which the Court granted.  (Mot. for Pre-Motion Conference dated May 23, 2022, Dkt. No. 14; Order dated Aug. 4, 2022).  At the pre-motion conference, Moore made clear an intention to seek leave to file an amended complaint, thereby obviating the need for motion to dismiss practice.  (Min. Entry & Order dated Sept. 20, 2022).

Pursuant to the Court-ordered briefing schedule, Moore filed this motion to amend on November 12, 2022.  (Mot. to Amend, Dkt. No. 26).  The proposed Amended Complaint adds a *Monell* claim against the City of New York under § 1983.  (Proposed Am. Compl., attached as Ex. A to Mot. to Amend, ¶¶ 78–89).  It alleges that NYPD policymaking officials had knowledge—based upon "numerous credible allegations," "civil lawsuits, some of which resulted in substantial civil settlements," and "judicial decisions"—that the Individual Defendants "falsified, exaggerated, manufactured, fabricated, concealed or withheld evidence" to obtain criminal convictions of innocent people in violation of their constitutional rights under the 14th Amendment.  (*Id.* ¶ 82).  Despite this notice and the "risk of arresting, prosecuting, and convicting innocent people," the City "elected not to provide police officers and detectives with minimally adequate training and supervision, [or] discipline" them.  (*Id.* ¶ 80).  The proposed Amended Complaint further alleges that the City's failure to take any corrective action constitutes deliberate indifference.  (*Id.* ¶¶ 79–81).  It also adds new factual allegations in an effort to show that the policies and practices of the NYPD contributed to Moore's

3

harm. (*Id.* ¶¶ 2–7). The City timely filed an opposition to the motion. (Mem. in Opp'n dated Dec. 12, 2022 ("Mem. in Opp'n"), Dkt. No. 27).[1]

For the following reasons, Moore's motion to amend is granted.

## DISCUSSION

I. Rule 16

"The ability of a plaintiff to amend the complaint is governed by Rules 15 and 16 of the Federal Rules of Civil Procedure which, when read together, set forth three standards for amending pleadings that depend on when the amendment is sought." *Sacerdote v. N.Y. Univ.*, 9 F.4th 95, 115 (2d Cir. 2021).

Moore's motion is untimely under the Court's Rule 16 scheduling order. Rule 16 requires the Court to issue a scheduling order early in the case, which "must limit the time to join other parties, amend the pleadings, complete discovery, and file motions." Fed. R. Civ. P. 16(b)(3)(A). "By limiting the time for amendments, the rule is designed to offer a measure of certainty in pretrial proceedings, ensuring that at some point both the parties and the pleadings will be fixed." *Parker v. Columbia Pictures Indus.*, 204 F.3d 326, 339–40 (2d Cir. 2000) (quotations omitted). "Where, as here, a scheduling order governs amendments to the complaint, the Second Circuit has held that the lenient standard under Rule 15(a) or Rule 21 must be balanced against the requirement under Rule 16(b) that the Court's scheduling order shall not be modified except upon a showing of good cause." *Mason Tenders Dist. Council of Greater N.Y. v. Phase Constr. Servs., Inc.*, 318 F.R.D. 28, 36 (S.D.N.Y. 2016) (citing *Holmes v. Grubman*, 568 F.3d 329, 334–35 (2d Cir. 2009)); *see also* Fed. R. Civ. P. 16(b). In other words, "the Rule

---

[1] Cordoba consents to the proposed Amended Complaint. Desormeau has failed to answer or appear and, as such, has not opposed the motion.

4

16(b) standard controls any decisions to alter a scheduling order for purposes of making pleading amendments and it must be satisfied before determining whether an amendment should be permitted under Rule 15." 6A Charles Alan Wright & Arthur R. Miller et al., *Federal Practice & Procedure* § 1522.2 (3d ed. 2021) (hereinafter Wright & Miller et al.). "It is still possible for the plaintiff to amend the complaint after such a [scheduling order] deadline, but the plaintiff may do so only [upon] a showing of the 'good cause' that is required to modify a scheduling order under Rule 16(b)(4)." *Sacerdote*, 9 F.4th at 115.

In determining whether good cause exists, "the primary consideration is whether the moving party can demonstrate diligence." *Kassner v. 2nd Ave. Delicatessen Inc.*, 496 F.3d 229, 244 (2d Cir. 2007); *accord Grochowski v. Phoenix Constr.*, 318 F.3d 80, 86 (2d Cir. 2003) ("A finding of good cause depends on the diligence of the moving party."). And "[g]ood cause requires a showing that the delay 'stemmed from any mistake, excusable neglect, or any other factor which might understandably account for failure of counsel to undertake or comply with the Scheduling Order.'" *Jipeng Du v. Wan Sang Chow*, No. 18-CV-1692, 2019 WL 3767536, at *3 (E.D.N.Y. Aug. 9, 2019) (quoting *Eberle v. Town of Southampton*, 985 F. Supp. 2d 344, 347 (E.D.N.Y. 2013)). To that end, "the good cause standard is not satisfied when the proposed amendment rests on information that the party knew, or should have known, in advance of the deadline." *Enzymotec Ltd. v. NBTY, Inc.*, 754 F. Supp. 2d 527, 536 (E.D.N.Y. 2010) (quotations omitted). However, "[t]he district court, in the exercise of its discretion under Rule 16(b), also may consider other relevant factors including, in particular, whether allowing the amendment of the pleading at this stage of the litigation will prejudice defendants." *Kassner*, 496 F.3d at 244; *accord Fresh Del Monte Produce, Inc.*

*v. Del Monte Foods, Inc.*, 304 F.R.D. 170, 175 (S.D.N.Y. 2014) ("[M]any district courts have undertaken a Rule 16(b) 'good cause' analysis that considers prejudice to the opponent in addition to the moving party's diligence."); *Soley v. Cnty. of Nassau*, No. 18-CV-377, 2021 WL 1554834, at *4 (E.D.N.Y. Apr. 20, 2021) ("[S]ome courts have modified scheduling orders to permit parties to file belated amendments even in the face of a lengthy delay because there is no apparent prejudice to the nonmoving party.") (collecting cases).

The deadline to amend pleadings was August 27, 2022. (Rule 26(f) Report at 2; Min. Entry & Order dated May 27, 2022). Moore expressed his intention to amend his Complaint for the first time at the pre-motion conference on September 20, 2022. In addressing his failure to comply with the Court's Rule 16 deadline, he argues the delay is only by a mere few weeks, which is "far shorter . . . than courts have accepted while granting motions to amend," (Mot. to Amend at 4), and that he obtained additional information about similar misconduct after the deadline, when the City provided its initial disclosures (on September 16). (*Id.*). The Court agrees and finds good cause to excuse the failure to amend prior to the Rule 16 deadline.

"Courts have consistently recognized that if a party learns new facts through discovery that were unavailable prior to the applicable deadline and moves promptly to name new parties based on such facts, leave to amend is appropriate." *Port Auth. Police Benevolent Ass'n v. Port Auth. of N.Y. & N.J.*, No. 15-CV-3526, 2016 WL 6083956, at *5 (S.D.N.Y. Oct. 17, 2016) (collecting cases). "The Court must also examine whether Plaintiff had notice of, or was diligent in discovering, the alleged new facts." *Rococo Assocs., Inc. v. Award Packaging Corp.*, No. 06-CV-0975, 2007 WL 2026819, at *3 (E.D.N.Y. July 9, 2007) (adopting report and recommendation). On September 16, the

6

City provided its initial disclosures. (Mot. to Amend at 4). This production was itself late, since initial disclosures were due on June 9, pursuant to the Rule 16 order. (Min. Entry & Order dated May 27, 2022; Rule 26(f) Report at 1). The City does not dispute Moore's contention, (Mot. to Amend at 4), that the initial disclosures provided information pertinent to the *Monell* claim. And after receiving the Rule 26 disclosures, it was four days later that Moore expressed his intention to amend; in other words, he was diligent in moving to seek amendment upon receipt of the new information. *Morales v. Cnty. of Suffolk*, 952 F. Supp. 2d 433, 435 (E.D.N.Y. 2013) ("[A]fter the Plaintiffs ascertained the identity of Manual, they moved within about one month to amend the complaint to substitute him as a named party. Under these circumstances, the Plaintiffs have demonstrated good cause under Rule 16(b) to modify the scheduling order[.]").

Of course, there can be circumstances where the late identification of a claim would be prejudicial and preclusion of the claim would be the appropriate remedy. This is not such a case. There is no evidence of any prejudice. Discovery is still ongoing and in its early stages, and the City has not been forced to expend significant resources. There will inevitably be additional discovery burdens on the City, but that is true in every situation where amendment is permitted. *Partner Reinsurance Co. v. RPM Mortg., Inc.*, No. 18-CV-5831, 2020 WL 6690659, at *13 (S.D.N.Y. Nov. 13, 2020) ("[T]he burdens of increased discovery, standing alone, do not suffice to show undue prejudice."). Indeed, the City concedes it will not be prejudiced by the filing of the Amended Complaint. (Mem. in Opp'n at 4 n.2).[2] As such, despite the amendment

---

[2] The Court also observes that the *Monell* claim against the City—based on the conduct of Cordoba and Desormeau—is being litigated in *Parkinson v. Desormeau*, Dkt.

7

coming after the expiration of the Rule 16 deadline, the Court finds good cause to permit amendment. *E.g.*, *Partner Reinsurance Co.*, 2020 WL 6690659, at *14; *Charter Commc'ns, Inc. v. Loc. Union No. 3*, 338 F. Supp. 3d 242, 257 (S.D.N.Y. 2018) (exercising "broad discretion under Rule 16(b) to consider the proposed" pleading given the lack of prejudice to defendant, even where plaintiff did not display diligence); *Eberle*, 985 F. Supp. 2d at 347; *Coale v. Metro-N. R.R. Co.*, No. 08-CV-01307, 2009 WL 4881077, at *3 (D. Conn. Dec. 11, 2009) (granting leave to amend filed after Rule 16 deadline where no prejudice, even where plaintiff failed to show diligence); *Titus-Phillips v. British Airways PLC*, 20-CV-5100, 2022 WL 1177306, at *3 (E.D.N.Y. Apr. 20, 2022) (finding no evidence of prejudice where "discovery is still ongoing and no trial has been scheduled").

II.  Rule 15

Separately, the Court must analyze whether Rule 15 permits amendment. Rule 15(a)(2) applies to this motion because the time to amend as a matter of right has expired. The Rule permits a party to "amend its pleading once as a matter of course within: (A) 21 days after serving" the original pleading, or (B) "21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f)." Fed. R. Civ. P. 15(a)(1). Otherwise, "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2); 6 Wright & Miller et al., *supra*, § 1480 ("When this time period expires or the party already has amended the pleading, [amendment as of right] no longer applies and an amendment falls under Rule 15(a)(2),

---

22-CV-851 (E.D.N.Y.). The discovery may overlap entirely and can be used in this case, without much additional expense to the City.

which requires leave of court or the written consent of the opposing party."). "This is a 'liberal' and 'permissive' standard, and the only 'grounds on which denial of leave to amend has long been held proper' are upon a showing of 'undue delay, bad faith, dilatory motive, [or] futility.'" *Sacerdote*, 9 F.4th at 115 (alteration in original) (quoting *Loreley Fin. (Jersey) No. 3 Ltd. v. Wells Fargo Sec., LLC*, 797 F.3d 160, 190 (2d Cir. 2015)).

"A motion to amend will be considered futile if the Court determines, 'as a matter of law, that proposed amendments would fail to cure prior deficiencies or to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure.'" *Charlot v. Ecolab, Inc.*, 97 F. Supp. 3d 40, 61 (E.D.N.Y. 2014) (adopting report and recommendation) (quoting *Panther Partners Inc. v. Ikanos Commc'ns, Inc.*, 681 F.3d 114, 119 (2d Cir. 2012)); *see also, e.g.*, *Lucente v. Int'l Bus. Machs. Corp.*, 310 F.3d 243, 257–60 (2d Cir. 2002) (reversing the district court's order granting plaintiff leave to amend complaint where his proposed new claim "[was] barred by substantive contract law"); *Chow v. Shorefront Operating LLC*, No. 19-CV-3541, 2021 WL 225933, at *3–*5 (E.D.N.Y. Jan. 20, 2021) (denying leave to amend complaint to include two new named defendants where claims against those defendants were barred by the statute of limitations); *Van Allen v. N.Y.C. Sch. Constr. Auth.*, No. 17-CV-2176, 2020 WL 1275244, at *4–*5 (E.D.N.Y. Mar. 17, 2020) (denying leave to amend complaint to include § 1983 retaliation claims where plaintiff did not "plausibly allege" individuals were "personally involved" in incidents). To survive a Rule 12(b)(6) motion, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

"In assessing whether the proposed complaint states a claim, [the Court] consider[s] the proposed amendments . . . along with the remainder of the complaint, accept[s] as true all nonconclusory factual allegations therein, and draw[s] all reasonable inferences in plaintiff's favor to determine whether the allegations plausibly give rise to an entitlement to relief." *Panther Partners*, 681 F.3d at 119 (citations and quotations omitted). A court "may not properly dismiss a complaint that states a plausible version of the events merely because the court finds a different version more plausible." *Anderson News, L.L.C. v. Am. Media, Inc.*, 680 F.3d 162, 185 (2d Cir. 2012). Ultimately, a court is "not empowered to weigh the evidence, assess credibility, and choose the explanation they believe is most worthy of belief." *C.M. v. Fletcher Allen Health Care, Inc.*, No. 12-CV-108, 2013 WL 4453754, at *4 (D. Vt. Apr. 30, 2013); *see, e.g.*, *Palin v. N.Y. Times Co.*, 940 F.3d 804, 812 (2d Cir. 2019) (vacating the district court's grant of a motion to dismiss because it "relied on credibility determinations not permissible at any stage before trial").

The City's opposition to the motion to amend rests entirely on futility grounds. That is, it argues the proposed Amended Complaint fails to identify a municipal custom, policy, or practice warranting municipal liability. (*See* Mem. in Opp'n at 5–8). The argument has no merit.

A municipality may be held liable under § 1983 if the deprivation of the plaintiff's constitutional rights "is caused by a governmental custom, policy, or usage of the municipality." *Jones v. Town of E. Haven*, 691 F.3d 72, 80 (2d Cir. 2012). "Such a custom or policy may be reflected through policy statements, ordinances, regulations, or decisions officially adopted and promulgated by that body's officers." *Montero v. City of Yonkers*, 890 F.3d 386, 403 (2d Cir. 2018) (quotations omitted). "In 'limited

circumstances,' a municipality may also be held liable for its failure to train its employees." *Hernandez v. United States*, 939 F.3d 191, 206 (2d Cir. 2019) (quoting *Connick v. Thompson*, 563 U.S. 51, 61 (2011)). "A municipality is deliberately indifferent where it fails to act when it has 'actual or constructive notice,' generally from '[a] pattern of similar constitutional violations by untrained employees,' that its training program is 'deficient.'" *Id.* at 207 (alteration in original) (quoting *Connick*, 563 U.S. at 61–62). "A municipality's policy of inaction in light of notice that its program will cause constitutional violations is the functional equivalent of a decision by the [municipality] itself to violate the Constitution." *Lucente v. Cnty. of Suffolk*, 980 F.3d 284, 297 (2d Cir. 2020) (alteration in original) (quotations omitted). "But the mere assertion that a municipality has such a custom or policy is insufficient in the absence of allegations of fact tending to support, at least circumstantially, such an inference." *Montero*, 890 F.3d at 403–04 (quotations omitted) (cleaned up).

    The Amended Complaint alleges a widespread NYPD practice of unlawfully obtaining criminal convictions "by manufacturing, fabricating and concealing evidence." (Proposed Am. Compl. ¶ 3). The City argues Moore's experiences are singular occurrences, and the Amended Complaint is not sufficient to withstand a Rule 12(b)(6) motion because "it does not describe any other similar incidents which might permit the inference of a broader municipal policy or custom." (Mem. in Opp'n at 6–7). But the Amended Complaint alleges that, "[f]or over a decade," Cordoba and Desormeau were employed by the NYPD and conspired to frame over 50 innocent people for crimes they did not commit. (Proposed Am. Compl. ¶¶ 3–4). It further alleges that the Queens District Attorney vacated convictions in 54 cases in which the Individual Defendants

11

"were the essential witnesses because of their history of 'serious misconduct.'"3  (*Id.* ¶ 6). On June 27, 2018, Cordoba was convicted of making false statements in court documents and proceedings regarding a 2014 arrest, the very same year Moore was arrested, (*id.* ¶ 67), and pleaded guilty to perjury and official misconduct.  (*Id.* ¶ 68).  On April 19, 2018, Desormeau pleaded guilty to official misconduct and offering a false statement instrument for filing, relating to the same 2014 arrest.  (*Id.* ¶ 69).  In addition, Desormeau was convicted in 2018 of lying about an alleged cocaine sale in Jamaica, Queens.  (*Id.* ¶ 70).

      The 50-plus incidents, coupled with the Individual Defendants' convictions arising from acts committed in 2014, could reasonably permit the inference that the City had notice of similar constitutional violations but failed to act, and thereby showed deliberate indifference.  *Walker v. City of New York*, 974 F.2d 293, 300 (2d Cir. 1992) ("[I]t does not appear beyond doubt that Walker cannot prove this set of facts in support of his claim which would entitle him to relief.  Walker should be allowed to pursue discovery in order to determine whether there was a practice of condoning perjury (evidenced perhaps by a failure to discipline for perjury) or a pattern of police misconduct sufficient to require the police department to train and supervise police officers to assure they tell the truth." (internal citations and quotations omitted)); *Osterhoudt v. City of New York*, No. 10-CV-3173, 2012 WL 4481927, at *2 (E.D.N.Y. Sept. 27, 2012) ("While plaintiff's citations to pending lawsuits and settlement agreements will not suffice to overcome summary judgment . . . they do permit a

---

      3 There is a discrepancy in the number of convictions vacated.  In another paragraph, the Amended Complaint alleges the District Attorney sought to vacate a total of 60 convictions linked to the Individual Defendants.  (Proposed Am. Compl. ¶ 72).

12

plausible inference of deliberate indifference." (quotations omitted)); *Ambrose v. City of New York*, 623 F. Supp. 2d 454, 478 (S.D.N.Y. 2009) (denying motion to dismiss where plaintiff's *Monell* claim was based, in part, on presentation of fabricated evidence). The City does not cite to any case law suggesting that these allegations—when viewed together and in the light most favorable to Moore, as they must be—could not give rise to a failure to train or deliberate indifference *Monell* claim.

Furthermore, a parallel, pending case demonstrates why here leave to amend should be granted. Much of the discussion in the parties' briefs centers around a related case pending in the Eastern District of New York, *Parkinson v. Desormeau*, Dkt. 22-CV-851.[4] The *Parkinson* complaint, which was filed on February 16, 2022, alleges that "[b]etween 2014 and 2016, . . . [e]ach Plaintiff was falsely charged with a crime they did not commit, and for each of them the Defendant Officers [Desormeau and Cordoba] committed perjury in pursuit of false charges, and otherwise conspired to frame them."[5] (Compl., Dkt. 22-CV-851 ¶¶ 50–51).[6] It recounts several civil lawsuits filed against the

---

[4] After this motion to amend was briefed, an amended complaint was filed in *Parkinson*. (Am. Compl. dated Jan. 31, 2023, Dkt. 22-CV-851, Dkt. No. 33). The amended complaint includes more specific, factual allegations regarding the defendants' conduct as to each of the nine plaintiffs in that case. (*Compare id.* ¶¶ 31–94, 113–35, *with* Compl., Dkt. 22-CV-851, Dkt. No. 1 ¶¶ 49–69). The paragraphs relevant to *Monell* liability are identical to those in the original complaint unless otherwise noted. And as such, the Court cites to the original, and not amended complaint, for ease of reference.

[5] The amended complaint expands the range of dates, alleging that the defendants violated the plaintiffs' constitutional rights between 2013 and 2016. (Am. Compl., Dkt. 22-CV-851 ¶ 114).

[6] Like Moore, each of the plaintiffs' convictions in *Parkinson* were vacated by the Queens District Attorney on November 8, 2021. (Compl., Dkt. 22-CV-851 ¶ 56). Moore also contends that one of the *Parkinson* plaintiffs, Audrey Brown, was a passenger in his car at the time of the October 2014 incident and was also falsely arrested by Defendants Desormeau and Cordoba during that incident. (Mot. to Amend at 3 n.1; *see also* Compl. ¶¶ 27–28, 41–42). In turn, the *Parkinson* amended complaint similarly describes an

City for the same pattern of misconduct, which resulted in offers of judgment or significant settlement sums. (*Id.* ¶¶ 21–26). And it also describes several instances from 1997 until 2012 in which other NYPD officers "fabricated false evidence and/or suppressed exculpatory evidence." (*Id.* ¶¶ 33–39). In each of those instances, the defendants' convictions were vacated or the charges were dismissed, and any civil claims were settled. The *Parkinson* complaint sets forth a *Monell* claim against the City of New York, (*id.* ¶¶ 94–100), which the City did not move to dismiss. (Mem. in Opp'n at 7).[7]

       The City concedes the *Monell* factual allegations in *Parkinson* are similar to those alleged here. (*Id.* (characterizing the *Parkinson* pleading as "involving similar factual allegations")). But the City argues Moore has failed to adequately plead the policy as articulated in the *Parkinson* complaint—that is, the proposed Amended Complaint is not as detailed, and only references "numerous credible allegations" and "civil lawsuits" in a cursory fashion. (*See, e.g.*, *id.* at 6–7; *id.* at 8 ("[T]he instant motion is undermined by plaintiff's failure to adequately allege a *Monell* claim, despite his clear knowledge of the otherwise sufficient pleading in *Parkinson*.")). The City contends that "Plaintiff cannot fortify his motion to amend by citing to and relying on the sufficiency of another pleading involving similar factual allegations." (*Id.* at 7). But in so doing, the City appears not to dispute that—for 12(b)(6) purposes—the same policy alleged in *Parkinson* is the same one being litigated by Moore or that the *Parkinson* policy, if alleged here, could proceed to discovery. (*See also id.* ("[T]he City did not move to

---

incident in which Brown and two friends were sitting in a parked car when Defendants falsely claimed they found cocaine in the vehicle, but alleges the date of the incident as January 13, 2015. (Am. Compl., Dkt. 22-CV-851 ¶¶ 43–51).

      [7] The City also did not move to dismiss the amended complaint. (*See* Answer dated Mar. 3, 2023, Dkt. 22-CV-851, Dkt. No. 37).

14

dismiss the *Monell* claim in *Parkinson* because the complaint in that matter, *inter alia*, describes several other incidents similar to those alleged by the plaintiffs, which might permit the inference of a broader municipal policy or custom.")). To the extent there is any ambiguity in Moore's proposed amended pleading as to the parameters of the allegedly illegal municipal policy, that may be cured by including any relevant factual allegations from the *Parkinson* complaint (or amended complaint) that may bolster his *Monell* claim.

To be clear, the Court concludes that the proposed Amended Complaint states a "colorable ground" for relief—which is all that is required to overcome a futility objection on a motion to amend. *Ryder Energy Distrib. Corp. v. Merrill Lynch Commodities Inc.*, 748 F.2d 774, 783 (2d Cir. 1984); *Patterson v. Morgan Stanley*, No. 16-CV-6568, 2017 WL 11569235, at *2 (S.D.N.Y. Sept. 27, 2017) ("[W]hile the new allegations will not necessarily be sufficient to withstand a new motion to dismiss, the Court is not prepared to find that they are so obviously futile that Plaintiff's request for leave to amend should be denied."). That is, "granting leave to amend is consistent with the liberal standard of Rules 15 and 21, and with the Second Circuit's 'strong preference for resolving disputes on the merits.'" *E.g.*, *Patterson*, 2017 WL 11569235, at *2 (quoting *Loreley*, 797 F.3d at 190). However, the Court is directing Moore to include in his amended complaint any of the allegations from *Parkinson* that he intends to rely on, so the City can determine here which prior incidents are the basis of Moore's deliberate indifference claim (and so any discovery may be coordinated).

## CONCLUSION

For the reasons stated above, the motion to amend is granted. Plaintiff shall file his Amended Complaint—incorporating any relevant factual allegations from the

15

*Parkinson* complaint consistent with this Order—by June 7, 2023.

                                        SO ORDERED.

                                        /s/ *Sanket J. Bulsara*   May 24, 2023
                                        SANKET J. BULSARA
                                        United States Magistrate Judge

Brooklyn, New York